# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:06-CR-0199-10 |
| v. : | (Judge Conner) |
| **ANTONIO AVILA**, : | |
| **Defendant** : | |

## ORDER

AND NOW, this 10th day of November, 2009, upon consideration of defendant's *pro se* motion (Doc. 1464) to remove his counsel, Peter B. Foster, Esquire ("Attorney Foster"), due to ineffective assistance, and to appoint new counsel, and upon further consideration of Attorney Foster's motion (Doc. 1482) to withdraw as counsel for defendant, and it appearing that irreconcilable conflicts have arisen between defendant and Attorney Foster,[1] and the court finding that defendant is financially unable to pay counsel,[2] see 18 U.S.C. § 3006a(c) ("If at any stage of the proceedings, . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of

---

[1] Without crediting the allegations that defendant puts forth in support of his argument that Attorney Foster has failed to adequately represent him, (see Doc. 1464), which Attorney Foster denies, (see Doc. 1469), the court has no difficulty finding that there has been an irreparable breakdown in the attorney-client relationship between defendant and Attorney Foster. Although the court is unaware of any deficiencies in Attorney Foster's representation of defendant in this matter, the court concludes that the attorney-client relationship is irretrievably broken.

[2] Defendant alleges that he "can't afford to continue to make attorney payments." (Doc. 1464 at 1.)

justice may dictate."); United States v. Welty, 674 F.2d 185, 188 (3d Cir. 1982) (identifying "irreconcilable conflict" as cause for appointing substitute counsel); see also PA. RULES PROF'L CONDUCT R. 1.7, 1.16; UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, CRIMINAL JUSTICE ACT PLAN at 8 (2005), and the court concluding that the interests of justice dictate appointment of new counsel, it is hereby ORDERED that:

1. Defendant's motion (Doc. 1464) to remove Attorney Foster as counsel is GRANTED.

2. Attorney Foster's motion (Doc. 1482) to withdraw as counsel for defendant is GRANTED.

3. Erin Zimmerer, Esquire, 60 South Main Street, Manheim, Pennsylvania 17545, telephone number (717) 665-1315, is appointed to represent defendant in the above-captioned case, pursuant to 18 U.S.C. § 3006a.

4. The Clerk of Court is directed to forward all necessary materials to Erin Zimmerer, Esquire, as soon as possible.

5. Peter B. Foster, Esquire, is directed to provide to Erin Zimmerer, Esquire, the file in the above-captioned case as soon as possible.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge